IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KEVIN COPLEY,

    Plaintiff,

v.                                  Case No.: 3:13-cv-03362

CAROLYN W. COLVIN,
**Acting Commissioner of the**
**Social Security Administration,**

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

This action seeks a review of the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying Claimant's applications for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. This case is assigned to the Honorable Robert C. Chambers, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court is the Commissioner's Motion to Dismiss. (ECF No. 7). Although more than adequate time has been provided, Plaintiff has not filed a response to the Motion to Dismiss. Accordingly, the motion is ready for disposition.

For the following reasons, the undersigned **RECOMMENDS** that the Commissioner's Motion to Dismiss be **GRANTED**, that the complaint be **DISMISSED**, **with prejudice,** and this matter be removed from the docket of the Court.

I.      **Procedural History**

Plaintiff, Kevin Copley ("Claimant"), filed applications for SSI and DIB, which were denied initially on May 21, 2010, and upon reconsideration on December 6, 2010. (ECF No. 7-1 at 7). Claimant filed a request for an administrative hearing, which was received by the SSA on July 11, 2012. (*Id.* at 8). On August 1, 2012, the Honorable Samuel A. Rodner, Administrative Law Judge ("ALJ"), denied the request for a hearing on the basis that it was not timely filed. The ALJ pointed out that a request for an administrative hearing must be made within sixty days after receipt of the notice of the previous determination, unless an extension is requested and granted. 20 C.F.R. §§ 404.933(b)(1), 416.1433(b)(1). He further explained that a claimant who misses the deadline for requesting a hearing may ask in writing for additional time. When such a request is made, the ALJ applies the standards set forth in 20 C.F.R. §§ 404.911, 416.1411 to determine if claimant has demonstrated good cause for missing the deadline. If good cause is shown, the period to request a hearing is extended.

In this case, the ALJ found that Claimant had not established good cause for missing the deadline. The ALJ acknowledged that Claimant and his attorney alleged that the request for a hearing was mailed on time, but the ALJ noted that no evidence was offered to verify this assertion. In addition, the ALJ found the statements of Claimant and his attorney to lack credibility given that neither individual contacted the SSA between December 6, 2010 and July 2012 to supply new evidence or check on the status of the request for a hearing. (ECF No. 7-1 at 8).

Claimant sought review by the Appeals Council of the ALJ's determination. (ECF No. 7-1 at 9-10). On December 21, 2012, the Appeals Council denied Claimant's request for review, finding no reason under the rules for reversing the ALJ's dismissal. On February 23, 2013, Claimant filed the instant civil action seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (ECF No. 1). On August 12, 2013, the Commissioner moved to dismiss the complaint. (ECF No. 7).

## II. Discussion

The Commissioner argues that the complaint must be summarily dismissed because the court lacks subject matter jurisdiction. Title 42 U.S.C. § 405(g) provides exclusive jurisdiction for judicial review of disability-related claims. Section 405(g) states, in relevant part, that a claimant, "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by civil action" in the United States District Court for the judicial district in which the claimant resides. Section 405(h) adds that "no finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided." These provisions, when read together, make clear that before a district court can review a disability determination, the claimant must have obtained a "final decision" of the Commissioner that was made "after a hearing." As the Commissioner notes, while the term "final decision" is not defined by statute, "its meaning is left to the [SSA] to flesh out by regulation." *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

In 20 C.F.R. §§ 404.900, 416.1400, the SSA established a four-step administrative review process that, when finished, results in a "final decision" of the Commissioner. The four steps include the following:

3

    (1) Initial determination;

    (2) Reconsideration;

    (3) Hearing before an ALJ; and

    (4) Appeals Council review.

20 C.F.R. §§ 404.900 (a)(1-4), 416.1400(a)(1-4). These four steps must be taken in order, and only when all of the steps are completed has the claimant exhausted his administrative remedies. Exhaustion of administrative remedies is a prerequisite to judicial review. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a); 20 C.F.R. §§ 404.900(b). 416.1400(b) ("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review.").

    Here, Claimant has not exhausted his administrative remedies. Claimant completed the first two steps of the process, but after receiving a denial of benefits upon reconsideration, he failed to timely request an administrative hearing. The notice of determination denying Claimant's applications was dated December 6, 2010. In keeping with the relevant statutes, the ALJ presumed that Claimant received the determination five days after the date on the notice. *See* 20 C.F.R. §§ 404.901, 416.1401. Accordingly, Claimant had sixty days thereafter to request a hearing, or until February 9, 2011. The request was not received until July 11, 2012, and the ALJ found no good cause to excuse the delay. Consequently, Claimant never completed the third and fourth steps of the administrative process.

    If Claimant seeks to have this court examine the Appeals Council's denial of the request to review the ALJ's dismissal, then once again, the court lacks jurisdiction to do

4

so, because the denial was not a final decision of the Commissioner. *See Adams v. Heckler,* 799 F.2d 131, 133 (4th Cir. 1986). Adopting the position of the majority of circuits that had addressed the issue, and quoting an Eighth Circuit opinion, the United States Court of Appeals for the Fourth Circuit explained that procedural denials within the administrative process are not subject to judicial review:

> The Appeals Council may dismiss a request for review if it is not filed within the stated time. 20 C.F.R. § 404.971 (1984). Such dismissal is binding and not subject to further review. *Id.* 404.972. Such action does not address the merits of the claim, and thus cannot be considered appealable, as can the Appeals Council's decisions and denials of *timely* requests for review. *See id.* § 404.981 ... If the claimant may obtain review in this situation [late filing of an appeal] the Secretary's orderly procedures for processing disability claims mean little or nothing. If claimant may avoid the timely exhaustion of remedies requirement, any claimant could belatedly appeal his claim at any time and always obtain district court review of an ALJ's decision.

*Id.* (quoting *Smith v. Heckler,* 761 F.2d 516, 518 (8th Cir. 1985)).[1]

Because exhaustion of administrative remedies is a prerequisite to this court's subject matter jurisdiction, Claimant's failure to complete all four steps of the administrative process precludes judicial review. Therefore, the complaint should be dismissed.

### III. Recommendations for Disposition

Based on the foregoing, the undersigned United States Magistrate Judge respectfully **PROPOSES** that the District Court confirm and accept the findings herein and **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss for

---

[1] The Fourth Circuit explicitly rejected the minority view expressed by the Eleventh Circuit in *Bloodsworth v. Heckler,* 703 F.2d 1233, 1236–39 (11th Cir. 1983) ("[J]udicial review of denials of [untimely] requests for review by the Appeals Council appears to us to be in conformity with the policies and procedures established in Title 20 of the C.F.R., particularly in §§ 404.972 and 404.981."). Consequently, courts in this circuit have routinely found that the dismissal of a disability application on procedural grounds is not a final decision giving rise to subject matter jurisdiction under 42 U.S.C. § 405(g). *See, e.g., Lawson v. Colvin,* No. 1:11-cv-95, 2013 WL 6285833, at *2 (M.D.N.C. Dec. 4, 2013); *Cox v. Commissioner of Soc. Sec.,* Civil Case No. RDB-12-3208, 2013 WL 3482203, at *3 (D.Md. July 10, 2013); *Blair ex. Rel I.L.B. v. Astrue,* Civ. No. 8:11-2099-RMG, 2012 WL 1019334, at *1 (D.S.C. Mar. 26, 2012); *Nelson v. Barnhart,* Civ. No. 03-842-A, 2003 WL 24122717, at *2 (E.D.Va. Dec. 19, 2003).

lack of subject matter jurisdiction, (ECF No. 7), **DISMISS** the complaint, with prejudice, and remove this case from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to counsel of record.

**FILED:** February 19, 2014

Cheryl A. Eifert
United States Magistrate Judge

6